UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

SHETOAN COATES,

        Petitioner,

v.

RANDEE REWERTS,

        Respondent.

Case No. 1:18-cv-1117

Honorable Janet T. Neff

_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

I. Factual allegations

Petitioner Shetoan Coates is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Montcalm County, Michigan. Following a jury trial in the Ingham County Circuit Court, Petitioner was convicted of assault with intent to commit murder (AWIM), Mich. Comp. Laws § 750.83, assault with intent to do great bodily harm less than murder (AWIGBH), Mich. Comp. Laws § 750.84, carrying a concealed weapon (CCW), Mich. Comp. Laws § 750.227, and possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b. On April 22, 2015, the trial court sentenced Petitioner to concurrent prison terms of 20 to 80 years for the AWIM conviction, 5 to 10 years for the AWIGBH conviction, and 2 to 5 years for the CCW conviction, all of which were to be served consecutive to a 2-year term of imprisonment for the felony-firearm conviction.

Petitioner appealed his conviction and sentence to the Michigan Court of Appeals. On September 22, 2016, that court remanded the matter to the trial court for resentencing in light of *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). Petitioner subsequently appealed his conviction to the Michigan Supreme Court, which denied leave to appeal on June 27, 2017. Apparently, the trial court resentenced Petitioner on October 2, 2017, to the same sentence, and Petitioner appealed that decision. That appeal is still pending before the Michigan Court of Appeals.

In September 2018, Petitioner filed the petition before the Court, asserting the following claims:

> I. [Petitioner] is entitled to a resentence because the sentence [Petitioner] received was based on judicial fact findings.
>
> II. [Petitioner] was denied a fair trial by the admission of evidence that he was in a gang.
>
> III. [Petitioner] was denied his right to effective appellate counsel when appellate counsel failed to raise a particular issue on direct appeal.

(Pet., ECF No. 1, PageID.7, 8, 10.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he raised all of his grounds for relief on direct appeal. It is clear, however, that Ground III has not been presented to all levels of the state appellate system. In Ground III of the petition, Petitioner asserts that his appellate counsel was ineffective

for failing to challenge the fact that the trial court did not articulate reasons why it issued the same sentence on remand. In other words, the court of appeals asked the trial court to determine what Petitioner's sentence would be if the sentencing guidelines were construed as advisory rather than mandatory, per *Lockridge*. *See People v. Coates*, No. 327501, slip op. at 3 (Mich. Ct. App. Sept. 22, 2016). The trial court apparently concluded that Petitioner's sentence would be the same, but did not provide specific reasons for reaching that conclusion. Petitioner contends that this was a mistake, and that his appellate counsel should have raised this issue on appeal.

Petitioner could not have raised the ineffective-assistance claim in Ground III in his *first* appeal because the trial court had not yet considered Petitioner's sentence on remand. And Petitioner's appellate counsel could not have raised the claim in Petitioner's *second* appeal because appellate counsel's conduct is the basis for Petitioner's claim. Thus, it appears that Petitioner has not raised the ineffective-assistance claim to the Michigan Court of Appeals or the Michigan Supreme Court.

In addition, the claim appears to be premature because the Michigan Court of Appeals could overturn Petitioner's sentence for other reasons that his appellate counsel raised in the second appeal. Thus, at this point, it is impossible to determine whether Petitioner has been prejudiced by his appellate counsel's conduct. Prejudice is one of the necessary elements of an ineffective-assistance claim. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the ineffective-assistance claim he has presented in this action. He may file a motion for relief from judgment under Mich. Ct. R.

6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must raise it in a motion for relief from judgment in the Ingham County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has at least one claim that is exhausted and at least one that is not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269,

277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his judgment of conviction to the Michigan Court of Appeals and that appeal is still pending. Thus, the statute of limitations has not yet started to run because his judgment of conviction is not final. Moreover, if Petitioner files a motion for relief from judgment in state court, that motion will prevent the statute of limitations from running for as long as the motion is pending before the trial court or on appeal. *See* 28 U.S.C. § 2244(d)(2) (tolling the statute of limitations when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").

Consequently, Petitioner has ample opportunity to raise any unexhausted claims in state court before filing another habeas petition in this Court. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues a decision on a motion for relief from judgment, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted. Should Petitioner decide <u>not</u> to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated:   October 10, 2018                    /s/ Janet T. Neff
                                             Janet T. Neff
                                             United States District Judge